ON PETITION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
This court’s opinion dated April 7, 1982, is clarified to the extent provided herein. In all other respects, HRS’s Petition for Rehearing and/or Clarification is denied.
*1149 Pursuant to Section 63.122, Florida Statutes, HRS is charged with the duty of conducting an investigation to ascertain whether the adoptive home is a suitable home for, and the proposed adoption is in the best interests of the minor. Subsection (8) of that provision gives the Department the authority to request other departments or agencies without this state to make investigations of designated parts of the inquiry and to make a written report to the Department. Sections 63.122(5) & (8), Florida Statutes, are, in pertinent part, as follows:
(5) An investigation shall be made by the agency or by the department to ascertain whether the adoptive home is a suitable home for the minor and the proposed adoption is in the best interest of the minor.
(8) The department or the agency making the required investigation may request other departments or agencies within or without this state to make investigations of designated parts of the inquiry and to make a written report to the department or agency, (emphasis added)
Because the best interest of the child is of paramount concern, the spirit of cooperativeness between party states or agencies permeates the Interstate Compact on the Placement of Children. Article I of the Interstate Compact on the Placement of Children, Section 409.401, Florida Statutes; see also Interstate Compact on the Placement of Children, Secretariat Opinion 16 (May 16,1975). The provisions of the Compact empower officers and agencies in party states to contract for the performance of one or more services by an authorized agency of the receiving state as an agent for the sending agency. Article V of the Interstate Compact on the Placement of Children, Section 409.401, Florida Statutes; Section 409.-404, Florida Statutes.
Accordingly, we conclude that HRS’s contention that it is without authority to provide supervision for, and to conduct an investigation of the Hensehels is superficial and without merit. HRS is hereby directed to exercise the full scope of its power to assure that a home evaluation for purposes of adoption is rendered and that the child is adequately supervised until the adoption is finalized.
ROBERT P. SMITH, Jr., C. J., and McCORD and BOOTH, JJ., concur.